UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEROY NOAH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:06CV591 CDP |
| ) | |
| SAINT LOUIS COUNTY, ) | |
| MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs Leroy Noah and Christopher Davis bring this suit for federal civil rights violations and a state law violation arising from their detention and arrest by defendant police officers and employees of St. Louis County, August Mercurio and Robert Dean. Defendant St. Louis County seeks dismissal of counts III and IV of plaintiffs' second amended complaint for failure to state a claim under Federal Rule 12(b)(6). I will grant the motion to dismiss Count III because it attempts to impose liability on St. Louis County under a respondeat superior theory, which is foreclosed by controlling authority. I will grant the motion to dismiss count IV as it applies to St. Louis County, because the County is entitled to sovereign immunity from those tort claims. Count IV remains pending as to the individual defendants, and St. Louis County remains a defendant on Count II.

The parties also have a number of discovery disputes. I will grant defendants' request for protective order and to extend the time for completion of discovery, including allowing discovery of the non-party witness. I will deny plaintiffs' motion to compel and for sanctions, based on defendants' representation that they will produce materials once the protective order is entered. Finally, I will grant the parties' joint motion to complete mediation.

## Motion to Dismiss

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion pursuant to Rule 12(b)(6), the court must assume the factual allegations of a complaint are true and must construe those allegations in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Plaintiffs' second amended complaint alleges four counts against defendants: (count I) violation of civil rights under 42 U.S.C. § 1983 and

Fourteenth Amendment against Mercurio and Dean; (count II) violation of civil rights under 42 U.S.C. § 1983 and Fourteenth Amendment against St. Louis County; (count III) violation of civil rights under 42 U.S.C. § 1983, respondeat superior, against St. Louis County; and (count IV) assault and battery against all three defendants (count IV). Plaintiffs contend that count III, the §1983 respondeat superior claim against St. Louis County, should not be dismissed because it is based on Justice Breyer's dissent in Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 416 (1997). Unfortunately for plaintiffs, Justice Breyer's dissent is contrary to controlling Supreme Court precedent and Eighth Circuit law. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978) (holding that a municipality cannot be held liable under § 1983 on a respondeat superior theory); Vaughn v. Green County, Ark., 438 F.3d 845, 851 (8th Cir. 2006)(finding it well settled that the doctrine of respondeat superior is inapplicable to section 1983 claims). Because plaintiffs can not state a claim under controlling precedent, I will grant defendant's motion to dismiss Count III.

Defendant St. Louis County also seeks dismissal of count IV, a claim for assault and battery brought against all three defendants. The County argues that it is shielded by sovereign immunity pursuant to Missouri Statute § 537.600, which

provides for only two exceptions to immunity,[1] neither of which plaintiffs have alleged here. Plaintiffs argue that St. Louis County has waived sovereign immunity based on its purchase of an insurance policy and Missouri Statute § 537.610.1. However, § 537.610.1 only waives immunity to the extent of and for the specific purposes covered by the purchased insurance:

> Sovereign immunity for the state of Missouri and its political subdivisions is <u>waived only to the maximum amount of and only for the purposes covered by such policy of insurance</u> purchased pursuant to the provisions of this section and in such amount and for such purposes provided in any self-insurance plan duly adopted by the governing body of any political subdivision of the state.

St. Louis County admits to having an excess liability insurance policy in place at the time of the incident alleged in plaintiffs' complaint. An endorsement to this policy, attached by the County as an exhibit to its reply brief, excludes coverage for claims which the County is immune from under § 537.600: "THE POLICY PROVIDES NO COVERAGE OF CLAIMS OR SUITS IN WHICH THE COUNTY OR PERSON HAS IMMUNITY UNDER SECTION 537.600 RS.MO." Because the County's insurance policy does not include coverage for

---

[1] The two exceptions to sovereign immunity under Mo. Rev. Stat. § 537.600 are:
(1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment;
(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury ....

torts, such as assault and battery, for which it is immune under § 537.600, the waiver of sovereign immunity does not apply here.  See also Epps v. City of Pine Lawn, 353 F.3d 588, 595 (8th Cir. 2003) (finding sovereign immunity protection where insurance policy specifically cited Missouri's sovereign immunity statutes and noting that liability would not be broadened beyond the limitations of the statute).  Because St. Louis County has demonstrated that it is protected by sovereign immunity from plaintiffs' tort claim and that the insurance policy waiver does not apply, count IV of plaintiff's second amended complaint will be dismissed as to defendant St. Louis County only.

## Discovery and Scheduling Issues

Plaintiffs have filed a motion to compel production of documents and answers to interrogatories.  In response, defendants state that they will produce the documents subject to a protective order.  I find this is appropriate, and that once those documents are produced, plaintiffs' motion to compel will be moot, with one exception.  That exception is plaintiffs' request that defendants answer interrogatories stating whether the officers' actions were within the scope of their employment and constituted performance of governmental functions.  I agree with defendants that these are legal conclusions, and therefore I will not require defendants to answer the interrogatories.

Defendant has filed a motion for extension of time to complete discovery, seeking more time to take plaintiffs' depositions and to take the deposition of a non-party witness who videotaped the incident. Plaintiffs do not oppose the extension for taking their own depositions, but object to the requested extension for the non-party. I will grant defendants' motion over plaintiffs' objections, because I conclude that they will not be prejudiced by the short delay and the discovery sought is certainly relevant. Defendants, of course, have the burden of finding and subpoenaing the witness for his deposition.

Accordingly,

**IT IS HEREBY ORDERED** that defendant St. Louis County's motion to dismiss [#42] is granted; count III of plaintiff's second amended complaint is dismissed in its entirety and count IV of plaintiff's second amended complaint is dismissed as to defendant St. Louis County only.

**IT IS FURTHER ORDERED** that defendants' motion for extension of time to complete discovery [#51] is granted, as is their motion for protective order [#53]. I will separately enter the protective order they proposed.

**IT IS FURTHER ORDERED** that plaintiffs' motion to compel and for sanctions [#48] is denied, based on defendants' representation that it will produce the documents once the protective order is entered.

**IT IS FINALLY ORDERED** that the parties' joint motion for extension of time to complete mediation [#54] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of March, 2007.