UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEROY NOAH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:06CV591 CDP |
| ) | |
| SAINT LOUIS COUNTY, MISSOURI, ) et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs seeks leave to file a third amended complaint in this case. The proposed complaint contains a new claim brought under 42 U.S.C. § 1983 and the Fifth Amendment by plaintiff Noah only and against defendant police officer Mercurio. Defendants oppose plaintiffs' motion for multiple reasons, including that granting leave would be futile because plaintiff cannot maintain a 42 U.S.C. § 1983 action for a violation Miranda. Based on Supreme Court and Eighth Circuit holdings, I agree with defendants and plaintiffs' motion will be denied.

The proposed amended complaint contains new allegations that Mercurio failed to read Noah his Miranda rights and subsequently asked Noah if he wanted to tell his side of the story. After Noah made a statement, Mercurio read him his rights and Noah requested an attorney, but Mercurio continued to question him.

The statements made by Noah were used against him in a criminal case brought in state court.

Defendants do not dispute that the patrol car video from defendant Mercurio's vehicle supports these factual allegations, however, they argue that established case law does not allow a plaintiff to bring a 42 U.S.C. § 1983 action based on a violation of Miranda. The Eighth Circuit has repeatedly held that a section 1983 action is not a remedy for an alleged Miranda violation. Hannon v. Sanner, 441 F.3d 635, 636 (8th Cir. 2006); Brock v. Logan County Sheriff's Dep't of Arkansas, 3 F.3d 1215, 1217 (8th Cir. 1993); Warren v. City of Lincoln, Nebraska, 864 F.2d 1436, 1442 (8th Cir. 1989). Plaintiffs argue that the holdings of Brock and Warren can be discarded because they were issued before the Supreme Court's decision in Chavez v. Martinez, 538 U.S. 760 (2003). However, the timing of these decisions is irrelevant: Chavez did not overrule the holdings in Brock and Warren, it affirmed them. See Chavez, 538 U.S. at 772 (Court favorably cites Warren and then states that a "failure to read *Miranda* warnings to [plaintiff] did not violate [plaintiff's] constitutional rights and cannot be grounds for a § 1983 action.").

In an attempt to circumvent the clear holdings of the Supreme Court and the Eighth Circuit, plaintiffs argue that their new claim is a Fifth Amendment

violation and not simply a failure of defendant Mercurio to read Noah his rights. Plaintiffs assert that Chavez supports this distinction. They also argue that the facts of this case are distinguishable from the Eighth Circuit's holding in Hannon because in that case the plaintiff simply claimed a failure to read Miranda, whereas here Noah claims he was coerced into making a statement in violation of his Fifth Amendment right and that statement was used against him in a criminal case.

The case law does not support plaintiffs' arguments or distinctions. In Hannon, the Eighth Circuit stated: "Statements obtained in violation of the *Miranda* rule are not 'compelled,' and the use of such statements in a criminal case does not amount to compelled self-incrimination. The admission at trial of statements obtained in violation of *Miranda* thus does not implicate the core of the Fifth Amendment, and it does not result in the deprivation of a 'right[] ... secured in the Constitution' within the meaning of § 1983." 441 F.3d at 637. This clear holding from the Court of Appeals does not apply only to claims of failure to read Miranda rights but to all Fifth Amendment violations which result in statements used at trial. The Eighth Circuit even stated that it felt its holding in Hannon was "fortified" by the Supreme Court's opinion in Chavez. Id. ("We are fortified in this view by the post-*Dickerson* opinions in *Chavez v. Martinez*."). In addition, the videotape of Mercurio's questioning of Noah shows that although Noah made

a statement before Mercurio advised him of his <u>Miranda</u> rights, that questioning was not coercive and Noah's answers were not involuntary.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file third amended complaint [#71] is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2007.