UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY NOAH and<br>CHRISTOPHER DAVIS, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | Case No. 4:06CV591 CDP |
| AUGUST MERCURIO, III and<br>ROBERT DEAN, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on various post-trial motions. Following a jury trial, judgment was entered in favor of plaintiff Christopher Davis against defendant August Mercurio in the amount of $4,365.00. Judgment was entered on behalf of defendant Robert Dean on the claim of plaintiff Leroy Noah. Defendant August Mercurio has filed a motion for judgment as a matter of law, and both plaintiff Christopher Davis and defendant Robert Dean have filed motions for costs. Davis also seeks to recover attorneys fees from Mercurio.

### **Motion for Judgment as a Matter of Law**

August Mercurio moves for judgment as a matter of law, arguing that the jury's verdict against him for excessive use of force was not supported by the evidence. He also argues that this case "falls within the hazy border between

excessive force and acceptable force" and so he should be entitled to qualified immunity. I disagree with both arguments, so will deny the motion.

In considering a motion for judgment as a matter of law after trial under Rule 50(b), the Court should view the evidence in the light most favorable to the verdict and should grant the motion only when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Wilson v. Brinker Int'l, Inc.*, 382 F.3d 765, 769-70 (8th Cir. 2004). Thus, in this case I must resolve all factual conflicts in favor of Davis, give Davis the benefit of all reasonable inferences, and deny the motion if reasonable jurors could differ as to the result. *Id.*

Here the video alone provided ample evidence from which the jury could find that Mercurio used excessive force on Davis. Additionally, the testimony of plaintiffs' witnesses provided strong evidence supporting Davis's claim. Although the police officer witnesses had explanations for their actions shown on the video and testified to by the plaintiffs' witnesses, the jury certainly did not have to accept those explanations. The facts were disputed, but the videotape supported the Davis's version of the events, and the jury had more than sufficient evidence on which to base its verdict for him.

Mercurio is also not entitled to qualified immunity. Any reasonable police

officer in his position would know that the force he used, as shown on the video, was excessive and violated Davis's clearly established constitutional rights. The police argue that the presence of the firearm meant they were justified in roughing up everyone in the house, but that is simply not the law. Davis was restrained and on the ground by the time Mercurio "stepped" on him, and the police had no reason to believe Davis was a threat. Mercurio is not protected by qualified immunity, and I will deny the motion for judgment.

## **Motion for Attorneys Fees and Costs**

As the prevailing party in a civil rights action, Davis is entitled to reasonable attorney's fees under § 1988. In order to determine the amount of a reasonable fee, I should employ the "lodestar" method where the starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Once I have determined that amount, I should consider a number of other factors to determine whether the fee should be adjusted upward or downward.[1] *Id*. at 434;

---

[1] These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. *Johnson v. Georgia Highway Express*, 488 F.2d 714, 171 (5th cir. 1974).

*see also City of Riverside v. Rivera*, 477 U.S. 561, 568 n. 3 (1986).

Plaintiffs' attorney James Schottel has submitted an affidavit seeking compensation for over 230 hours of his time. He says that his hourly rate was $150 in 2006, and went up to $200 in 2007. He seeks non-taxable expenses in the amount of $4534.30, and seeks taxable costs in the amount of $2020.74. He seeks to have his lodestar fees increased by 1.2% under the *Johnson* factors. Mercurio objects that Davis was only partially successful because his claims against St. Louis County were dismissed, that the fees include amounts spent on co-plaintiff Leroy Noah's unsuccessful case, and that Schottel should only be reimbursed at the rate of $150 per hour. He also objects to certain of the costs and expenses.

This case began as a suit by two plaintiffs against two individual defendants and against St. Louis County. Plaintiffs lost all their claims except for Davis's claim of excessive force against Mercurio. Much of the time spent by plaintiffs' counsel, of course, would have had to be spent to prosecute that single claim, because the discovery of the facts would be the same even if the only claim brought had been that of Davis against Mercurio. Similarly, the same costs would have been incurred if this had been a single plaintiff, single defendant case. Even

though Schottel argues that he did not include time spent solely on Noah's claims, it is obvious that at least some of the time is attributable to parts of the case on which plaintiffs did not prevail. I will therefore reduce the claim somewhat to account for time spent on losing issues.

I have gone through the bill on a line by line basis, and believe that it is more appropriate to reduce the overall hours, rather than pulling out specific hours or specific tasks. I do this partially because I believe that some of the time spent was excessive. For example, I agree with defendants that the delay in the case and additional legal work caused by Leroy Noah's bankruptcy is not something that Christopher Davis should be compensated for, and some of the time charged is attributable to the bankruptcy problem, even if plaintiff's counsel has not included time specifically spent on the bankruptcy. Noah's improper handling of his bankruptcy matter – including his failure to timely notify me of it and to obtain the rulings necessary for the case to go forward well in advance of the original trial setting – not only delayed the trial but also increased the attorneys fees necessary, because the parties had to "ramp up" for trial twice. Additionally, it appears that the hours spent on some of the briefing is excessive. The case was complicated by the attempt to impose liability on St. Louis County, and Davis's case was

complicated by the presence of Noah's claim. Had Noah been merely a witness, as opposed to a plaintiff, neither counsel would have needed to spend as much time investigating the case and examining or cross-examining him at trial and in deposition. I believe a reduction of approximately 15% is appropriate to account for these things. For the same reason, I will not add any multiplier under *Johnson*. I will award compensation based on 200 hours worked, which I believe is the amount reasonably spent on the prosecution of the claim on which Davis prevailed.

I next turn to the hourly rate charged. When plaintiffs sought fees as part of their motion to compel, Mr. Schottel said that his rate in 2007 was $150 per hour. He now says that was a mistake, and that he in fact increased his hourly rate to $200 per hour at the beginning of 2007. Attorney's fees awarded under § 1988 should be "based on the market rate for the services rendered." *Missouri v. Jenkins*, 491 U.S. 274, at 283 (1989). Counsel should not be able to contradict his own earlier statement about his hourly rate, so I will use the rate of $150 per hour for the entire time period. I believe this is a reasonable rate under all the circumstances. I conclude that a reasonable attorneys fee award is $30,000.

Plaintiff included his expert witness fee in the Bill of Costs. This is not proper, as the taxable costs for the expert witness are the same as for any other

witness. I will therefore allow the following taxable costs: filing fee of $250; Service fees of $185; deposition costs of $597.50; and witness fees of $178.24. The total cost award is therefore $775.74.

Plaintiff can receive his expert witness fee as part of his reasonable attorney's fee, however, and I do not believe the expert's bill would be any different for his deposition and trial testimony even if Noah's claim had not been included, so I will add $810 to the attorneys' fee award. Additionally, I believe that the other expenses in the amount of $4534.30 were for expenses reasonably and necessarily incurred by counsel, so these expenses will also be included in the attorneys fee award. Total non-taxable expenses awarded will therefore be $5344.30.

Accordingly,

**IT IS HEREBY ORDERED** that August Mercurio's motion for judgment as a matter of law notwithstanding the verdict [#129] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for a bill of costs [#128] is granted to the extent that the Clerk of the Court shall tax costs in the amount of $775.74.

**IT IS FURTHER ORDERED** that plaintiff's motion for attorneys fees

[#131] is granted in part and plaintiff Christopher Davis shall receive attorneys fees in the the total amount of $35,344.30 from defendant August Mercurio.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of May, 2008.